1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEO LERMA,                              1:06-CV-01566 OWW LJO P

12            Plaintiff,

13      vs.                                  FIRST INFORMATIONAL ORDER

14   D. D. ORTIZ,

15            Defendant.

16   _____/

17        Plaintiff  Leo Lerma ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  In litigating this action, the parties must comply with

19   the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District

20   Court, Eastern District of California (Local Rules).  This order highlights specific rules of which the

21   parties should take particular note. <u>FAILURE TO COMPLY WITH THE FEDERAL RULES, LOCAL</u>

22   <u>RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR</u>

23   <u>APPROPRIATE SANCTIONS, UP TO AND INCLUDING DISMISSAL OF THIS ACTION.</u>  Local

24   Rule 11-110; Fed. R. Civ. P. 41(b).

25        1. Documents intended to be filed with the court by pro se litigants must be mailed to the Clerk

26   of the Court.  Local Rule 5-133(d)(1).  <u>All documents improperly mailed to a judge's chambers will be</u>

27

28                                          1

1   stricken from the record.[1]  A document requesting a court order must be styled as a motion, not a letter.

2   Fed. R. Civ. P. 7.

3          2.  Each document submitted for filing must include the original signature of the filing party or

4   parties.  Local Rule 7-131; Fed. R. Civ. P. 11(a).  All documents submitted without the required

5   signature(s) will be stricken.  Each separate document must be bound separately at the top left corner.

6   Local Rule 7-130(b).  If a document is bound behind another document, it will not be filed and will not

7   enter the court docket.

8          3.  All paper documents filed with the court must be submitted with an additional legible

9   conformed copy for the court's use.  Local Rule 5-133(d)(2).  If the filing party wishes the court to return

10  a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original

11  and two copies, one for the court's use and one to be returned) AND a pre-addressed postage paid

12  envelope.  The court cannot provide copy or mailing service for a party, even for an indigent plaintiff

13  proceeding in forma pauperis.  Copies of documents from the court file may be obtained at the cost of

14  fifty cents per page.

15         4.  After defendants have appeared in an action by filing a response to the complaint (i.e., an

16  answer, a motion to dismiss, or a motion for summary judgment), all documents filed with the court

17  must include a certificate of service stating that a copy of the document was served on the opposing

18  party. Fed. R. Civ. P. 5; Local Rule 5-135.  A document submitted without the required proof of service

19  will be stricken.  Where a party is represented, service on the party's attorney of record constitutes

20  effective service.

21         5.  All filings must bear the file number assigned to the action, followed by the initials of the

22  District Court Judge and the Magistrate Judge to whom the case is assigned and the letter "P."  Where

23  plaintiff simultaneously pursues more than one action, he or she must file separate original documents

24  and the appropriate number of copies in each action to which the document pertains.  Documents

25  submitted listing more than one case number in the caption will be stricken.

26

27         [1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

28
                                                    2

6. The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). <u>Evidence improperly submitted to the court will be stricken</u>.

7. The Eastern District of California converted to an electronic filing, service, and storage system, effective January 3, 2005. Pro se litigants are exempt from the electronic filing requirement and must submit all documents to the court in paper. Local Rule 5-133(b)(2). Paper documents submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office. After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded. Local Rule 39-138(d). For this reason, pro se litigants are cautioned not to send original exhibits to the court. When it is appropriate for pro se litigants to submit exhibits to the court (see paragraph 6), the litigants shall retain their original exhibits and send photocopies to the court.

8. After an answer is filed, the court will issue an order opening discovery, and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. <u>No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order</u>. Discovery propounded on a party is self-executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the court. Local Rules 33-250, 34-250, 36-250. <u>Discovery documents inappropriately submitted to the court will be stricken</u>. Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. Fed. R. Civ. P. 37. A motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). <u>A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions</u>.

9. Because plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be submitted without a hearing. Local Rule 78-230(m). The parties are referred to Local Rule 78-230(m) for the

1   briefing schedule on motions.

2        10. All court deadlines will be strictly enforced.  Requests for time extensions must state the

3   reason the extension is needed and must be filed with the court before the deadline in question.  Local

4   Rule 6-144.

5        11. A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of

6   his or her address.  Local Rule 83-182(f).  If a plaintiff moves and fails to file a notice of change of

7   address, service of court orders at plaintiff's prior address shall constitute effective notice.  Id.  If mail

8   directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt

9   to re-mail it.  If the address is not updated within sixty days of the mail being returned, the action will

10  be dismissed for failure to prosecute.  Local Rule 83-183(b).

11       12. The court is required to screen complaints brought by prisoners seeking relief against a

12  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

13  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

14  or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

15  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  The court will direct

16  the United States Marshal to serve plaintiff's complaint only after the court has screened the complaint

17  and determined that it contains cognizable claims for relief against the named defendants.  The court has

18  a large number of prisoner civil rights cases pending before it and will screen plaintiff's complaint in

19  due course.

20

21  IT IS SO ORDERED.

22  **Dated:    December 13, 2006**            **/s/ Lawrence J. O'Neill**
    i0d3h8                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28
                                              4